# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 14-7028**                                          **September Term, 2013**

1:14-cv-00140-UNA

**Filed On:** July 25, 2014

Melvin Brown,

        Appellant

v.

Sandra Hill, et al.,

        Appellees



**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**   Rogers, Brown, and Kavanaugh, Circuit Judges

### JUDGMENT

    This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and the motion for subpoenas or depositions, it is

    **ORDERED AND ADJUDGED** that the case be remanded for the district court to reconsider the dismissal of appellant's complaint for lack of subject matter jurisdiction. Appellant's complaint alleges that the defendants, at least one of whom is alleged to be a District of Columbia employee, wrongfully disclosed his medical information and deprived him of his liberty by making false allegations to the police. The civil cover sheet accompanying the complaint cites 42 U.S.C. § 1983 as the civil statute under which the cause of action was filed. It appears, therefore, that appellant was attempting to invoke the district court's jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction). Moreover, appellant has explained on appeal that the disclosure of his health information was proscribed by the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d-6. But if appellant were to file a new complaint stating the basis for the district court's jurisdiction, the complaint would be time-barred. See Earle v. District of Columbia, 707 F.3d 299, 305 (D.C. Cir. 2012). Accordingly, in the interest of

### United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 14-7028**                                  **September Term, 2013**

justice, the district court is directed to allow appellant to amend his complaint to clearly state the jurisdictional basis for this action and all of the claims appellant is attempting to raise, and to reconsider the dismissal of the complaint for lack of subject matter jurisdiction. It is

**FURTHER ORDERED** that the motion for subpoenas or depositions be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

-2-

A True copy:

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk