UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELVIN BROWN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 14-0140 (TSC) |
| SANDRA HILL, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

On March 28, 2016, this Court granted Defendants' motions and dismissed the *pro se* Plaintiff's first amended complaint. Plaintiff appealed, and the United States Court of Appeals for the District of Columbia Circuit remanded the case "for the district court to determine whether [Plaintiff] should have been allowed to file the second amended complaint that [was] attached to his brief and, if so, for further proceedings concerning the complaint." *Brown v. Hill*, 686 F. App'x 6, 7 (D.C. Cir. 2017) (per curiam). The brief to which the D.C. Circuit refers has been docketed as Plaintiff's motion to reopen the case and for leave to file a second amended complaint (ECF No. 47). The court has reviewed Plaintiff's submissions and Defendants' oppositions (ECF Nos. 52-53), and hereby GRANTS the motion in part and DENIES the motion in part.

Plaintiff no longer may amend his complaint as of right. *See* Fed. R. Civ. P. 15(a). Absent Defendants' written consent, the sole means by which he may file a second amended complaint is by leave of the court. *See* Fed. R. Civ. P. 15(a)(2). The decision to grant or deny

1

leave to amend a complaint "is committed to a district court's discretion." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), "in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility," *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment would be futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (citation omitted). If the proposed amended complaint would not survive a motion to dismiss, the court may deny leave to amend as futile. *See In re InterBank Funding Corp. Sec. Litigation*, 629 F.3d 213, 218 (D.C. Cir. 2010); *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

The court is mindful of its obligation to construe this *pro se* Plaintiff's submissions liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). As this court discussed in its prior opinion, Plaintiff received services from Defendants, who allegedly disclosed his protected mental health information and caused his involuntary hospitalization in January 2011. (ECF No. 40). Plaintiff's proposed second amended complaint appears to focus less on the improper disclosure, and more on the role of the District of Columbia government employees in bringing about his involuntary hospitalization. While Plaintiff appears to reassert some claims he previously raised against the current defendants, he names two new defendants: Officer Isha Edwards, the author of a report concluding that Plaintiff should have been detained for emergency observation and diagnosis, and Bill Peters, the District of Columbia Department of Behavioral Health employee allegedly responsible for Plaintiff's involuntary hospitalization.

Unfortunately, however, Plaintiff's proposed second amended complaint is hardly the short and plain statement of claim contemplated in Federal Rule of Civil Procedure 8(a). It is rambling and disorganized; as drafted, it fails to give fair notice to Defendants of the claims being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Without clearly abandoning any claims he may have raised in his first amended complaint, Plaintiff appears to raise new claims, including claims under the Fourth and Fifth Amendments to the United States Constitution. Thus, the court cannot conclude that the proposed amendments to Plaintiff's complaint are futile. Nor can the Court expect Defendants, old and new, to prepare an appropriate response to the proposed second amended complaint in its current form.

Accordingly, it is hereby ordered that:

1. The court's March 28, 2016 Memorandum Opinion and Order (ECF Nos. 40-41) are VACATED;
2. Plaintiff's motion to reopen the case and file his second amended complaint (ECF No. 47), is GRANTED in part and DENIED in part. The motion is GRANTED as to Plaintiff's request to reopen this case, and DENIED WITHOUT PREJUDICE as to his request to amend his complaint;
3. Pursuant to Local Civil Rule 83.11, the Clerk of Court shall appoint counsel to represent Plaintiff in this action for all purposes; and
4. All proceedings in this matter are STAYED pending entry of counsel's appearance.[1]

---

[1] Notwithstanding the stay of proceedings, upon entry of his or her appearance, Plaintiff's counsel may file a motion for leave to amend the complaint.

The Clerk of Court shall mail a copy of this Memorandum Opinion and Order to:

Mr. Melvin Brown
2700 Jasper Street SE #322
Washington, DC 20020

Date: March 19, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge