# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELVIN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:14-cv-0140 (TSC) |
| | ) |
| SANDRA HILL, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S FOURTH MOTION FOR EXPEDITED DISCOVERY

The District of Columbia, by and through undersigned counsel and appearing specially for the limited purpose of responding to Plaintiff Melvin Brown's Fourth Motion for Expedited Discovery, hereby opposes Plaintiff's Motion. Plaintiff filed the present Motion seeking—in part—to propound Interrogatories upon the District of Columbia Department of Behavioral Health and the Metropolitan Police Department. Plaintiff seeks to discover information about individuals whom Plaintiff claims are—or were at some time—employees of the District of Columbia. Plaintiff also seeks the identities of the police officers who allegedly arrested Plaintiff on January 11, 2011. The Court should deny Plaintiff's Motion because the District is not a named party to this lawsuit. However, even if the District was a defendant, the Court should still deny Plaintiff's Motion for Expedited Discovery because (1) Plaintiff has not demonstrated an urgent need for discovery, (2) the burden on the District to comply with the requests would be unduly burdensome, and (3) the Motion for Expedited Discovery is well in advance of typical discovery.

**LEGAL STANDARD**

"As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery . . . to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Attkisson v. Holder*, 113 F.Supp.3d 156, 161 (D.D.C. 2015) (quoting *Landwehr v. FDIC*, 282 F.R.D. 1, 3 (D.D.C. 2010)). "Courts should deny motions for expedited discovery when it is 'clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). There are five factors to be considered by the Court when analyzing a motion for expedited discovery: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* at 162 (quoting *Guttenberg v. Emery*, 26 F.Supp.3d 88, 98 (D.D.C. 2014)). These five factors are merely guidelines, and the Court may consider other factors in analyzing a motion for expedited discovery. *Id.*

**ARGUMENT**

Plaintiff's Fourth Motion for Expedited Discovery should be denied. First and foremost, the District is not a named party to this lawsuit. However, even if the District was a defendant, the Court should still deny Plaintiff's Motion for Expedited Discovery because (1) Plaintiff has not demonstrated an urgent need for discovery, (2) the burden on the District to comply with the requests would be heavy, and (3) the Motion for Expedited Discovery is well in advance of typical discovery.

**I.    The District is Not a Named Defendant.**

As a threshold matter, the Court should deny Plaintiff's Motion because Plaintiff is seeking discovery from the District, but the District is not actually named as a defendant in Plaintiff's most recent Amended Complaint. *See* 4th Am. Compl. at ¶¶ 2-19 [ECF No. 99 at 1-3]. In its July 8, 2019 Order, the Court made it clear that it would not allow Plaintiff to seek leave to file another amended complaint "[a]bsent extraordinary circumstances[.]" Order [98 at 3]. Because Plaintiff has not named the District as a defendant and because Plaintiff will likely not get the opportunity to file another amended complaint, the Court should deny Plaintiff's Motion.

**II.    Plaintiff Has Not Demonstrated an Urgent Need for Discovery.**

Even if Plaintiff had named the District as a defendant in his Amended Complaint, the Court should still deny his Motion. Plaintiff claims that he "would suffer irreparable harm" if he is not granted expedited discovery, but he does not detail any specific "harm" beyond needing the information to aid in service. Pl.'s Mot. [111-1 at 6]. In *Attkisson*, the court held that concerns about meeting the deadline for service do not rise to the level of irreparable harm because the Court has the authority to extend the deadline for service. 113 F.Supp.3d at 165.

Plaintiff also does not provide any context to his alleged inability to obtain information that would allow him to serve the individuals mentioned in his Motion. In fact, Plaintiff admits that "an internet investigation" revealed "possible information on the whereabouts of defendant Villaruz" but states that he "has no means of verifying this information." [111-1 at 5]. Plaintiff therefore undercuts his own argument by suggesting that he actually *does* have information that could assist him in eventually serving Ms. Villaruz. Plaintiff says nothing about what efforts—if any—he has made to obtain information about William Peters or Isha Edwards.

Finally, with regard to the unnamed MPD officers, Plaintiff's proposed Amended Complaint does not assert any claims against those police officers. Therefore, it is entirely unnecessary for Plaintiff to receive expedited discovery regarding police officers whom he apparently does not intend to sue.

### III. The Burden on the District to Comply with the Requests Would be Unduly Burdensome.

Plaintiff claims that the "breadth of discovery is . . . limited because all effected defendants are or were employees of the District of Columbia[.]" [111-1 at 5]. But production of these records is not as simple as Plaintiff seems to suggest, as these records are protected from disclosure by statute and regulation. D.C. Code §§ 1-631.01 *et seq.*; D.C. Mun. Regs. tit. 6-B, § 3113. Therefore, because production of the records sought would require a protective order, Plaintiff's requests are overly burdensome at this stage of the litigation.

### IV. The Motion for Expedited Discovery is Well in Advance of Typical Discovery.

Plaintiff's Motion for Expedited Discovery is filed well in advance of typical discovery and is therefore premature. *See e.g. Landwehr*, 282 F.R.D. at 4 (finding as premature a motion for expedited discovery filed just after the conclusion of briefing on a motion to dismiss). In fact, some of the named and served defendants in this case have already filed motions to dismiss, and there are arguments raised in those motions (i.e., statute of limitations, failure to state a claim, etc.) which could be applicable to some or all of the defendants who are the subject of Plaintiff's proposed expedited discovery requests. Because Plaintiff's Motion is premature, the Court should deny it.

WHEREFORE, for the reasons stated above, the District of Columbia respectfully requests that the Court deny Plaintiff's Motion for Expedited Discovery.

DATED:  October 4, 2019	Respectfully submitted

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division Section IV

*/s/ Philip A. Medley*
PHILIP A. MEDLEY [1010307]
Assistant Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
(202) 724-6626
(202) 741-5920 (fax)
philip.medley@dc.gov

*Attorneys for the District of Columbia, specially appearing to oppose Plaintiff's Fourth Motion for Expedited Discovery*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELVIN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-0140 (TSC) |
| | ) |
| SANDRA HILL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Upon consideration of Plaintiff's Fourth Motion for Expedited Discovery, the District's Opposition, and the entire record herein, it is this _____ day of _____ 2019 hereby,

**ORDERED** that Plaintiff's Motion is **DENIED**.

_____
HON. TANYA S. CHUTKAN
United States District Court