**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MELVIN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | )   Case No: 14-00140 (TSC) |
| | ) |
| | ) |
| SANDRA HILL, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF MELVIN BROWN'S REPLY BRIEF TO
DISTRICT OF COLUMBIA'S OPPOSITION TO EXPEDITED DISCOVERY[1]**

Because the D.C. Metropolitan Police Department and the D.C. Department of
Behavioral Health (collectively "District") fail to raise any plausible argument against Plaintiff
Melvin Brown's motion for expedited discovery, Plaintiff's motion should be granted.

1.      For purposes of this motion, the specific discovery requests were directed to the
D.C. Metropolitan Police Department and the D.C. Department of Behavioral Health, two
agencies of the District of Columbia. For purposes of responding to the proffered subpoenas, and
contrary to the District's argument, it does not matter if the District is a party to the litigation.
The proposed discovery proffers subpoenas to entities that are not parties to the litigation at this
time.

Even so, according to this Court's most recent order the District was identified as a
defendant with the Clerk of the United States District Court for the District of Columbia directed

---

[1] Because the Office of the Attorney General for the District of Columbia ("OAG") is responding
to subpoenas directed to the D.C. Metropolitan Police Department and the D.C. Department of
Behavioral Health, OAG represents these agencies for all purposes, including accepting service
of the respective subpoenas.

to issue and serve the District with the summons and the Fourth Amended Complaint. The conclusion reached by the Court is supported by the record. On numerous occasions throughout the complaint the District is identified as a defendant. The District was named a defendant in at least seven (7) counts in the complaint. *See* Fourth Amended Complaint, Dkt.# 99. They cannot now complain of a lack of notice or that for some reason they are not a part of this lawsuit.

2.      In its most recent order, this Court defined the need for the requested information. The order declined to issue summonses for Isha Edwards and William Peters because Plaintiff could not provide additional information that would allow service of process. *See* Minute Order dated 9/9/2019. This motion addresses these needs. Moreover, the limited scope of the early discovery is for a purpose endorsed by the Court in *Landwehr v. FDIC,* 282 F.R.D. 1, 3 (D.D.C.2010): to aid in the identification and service of process of defendants to better permit the litigation to proceed.

Neither does or any other precedence require Plaintiff to prove or show any other efforts to obtain the needed information. *Landwehr v. FDIC, id.* (permitting limited discovery to permit plaintiff to learn identifying information necessary for service on defendant) *also see Attkisson v. Holder,* 113 F.Supp.3d 156, 161-62 (D.D.C 2015). Even so, Plaintiff provided the available information concerning Amelia Villaruz, MD and only seeks information that may confirm or provide additional insight concerning her location, if needed. As for defendants Peters and Edwards, Plaintiff has no means to learn the whereabouts or any other information concerning Peters and Williams. The only information available to Plaintiff is that both were employed by either the Metropolitan Police Department or the D.C. Department of Behavioral Health at the time of his arrest and commitment. Likewise, before any changes or additions to complaint

2

concerning Dr. Phuong Thu Vo, Plaintiff must first identify any available information concerning her whereabouts. Again, this is a legitimate area of inquiry for Plaintiff.

3.      Next, the District argues that because of both statutory and regulatory protections for employee personnel files, they face a burden in producing the requested information. This argument, however, fails to account for the simple expedient of the entry of a protective order under Fed. R. Civ. P. 26(c), limiting the use of any information to a defined purpose. Further, should the personal information required for service of process prove so problematic, the District could accept service of process on their behalf upon the proper execution of a representation letter for these former or present District employees. Otherwise, the District fails to define any other cognizable burden that would preclude production. Indeed, given the limited nature of the request no burdens exist.

4.      And last, the District fails to articulate any basis that the timing of this motion should preclude relief. Because these defendants have not been served, they are under no obligation to respond to the complaint thereby allowing the case to move forward. The fact that other served defendants have filed motions to dismiss has no bearing on these defendants.[2] The District engages in, at best, vague supposition and speculation that any motion would cover these defendants. This argument provides no basis upon which this Court could deny relief.

        As the Court's order makes clear, for this case to move forward Plaintiff must provide additional information facilitate the service of process. Thus, the motion is far from premature and will serve an important purpose in advancing the litigation. *See* Minute Order dated 9/9/2019.

---

[2] Indeed, these successive motions were improperly raised under Fed. R. Civ. P. 12(g)(2) notwithstanding their general lack of merit.

For the reasons stated in Plaintiff's motion for expedited discovery, the reply and the record herein, this motion should be granted.

Respectfully submitted,

_____/s/_____
GEORGE E. RICKMAN
DC Bar 433298
P.O. Box 21267
Kalorama Station
Washington, D.C.  20009-21267
202-258-3643
georgerick11@comcast.net
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 11th day of October 2019, a copy of this reply to the District of Columbia's opposition to Plaintiff Melvin Brown's motion for expedited discovery was served by electronic service on:

AAG Philip Medley
441 Fourth Street, NW 6th Floor South
Washington, DC  20001
philip.medley@dc.gov

Katherine Erklauer
Blumenthal & Cordone, PLLC
7325 Georgia Ave., NW
Washington, D.C.  20012
kerklauer@blumcordlaw.com

Jeffrey Hardie
Jackson Lewis, PC
10701 Parkridge Drive, Suite 300
Reston, VA  20901
jeffrey.hardie@jacksonlewis.com

_____/s/_____

GEORGE E. RICKMAN
DC Bar 433298
P.O. Box 21267
Kalorama Station
Washington, D.C.  20009-21267
202-258-3643
georgerick11@comcast.net
*Counsel for Plaintiff*