UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| MELVIN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 14-0140 (TSC) |
| | ) | |
| SANDRA HILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This matter is before the court on Plaintiff Melvin Brown's Fourth Motion for Expedited Discovery, ECF No. 111 ("Pl.'s Mot."). For the reasons discussed below, the court DENIES Plaintiff's motion.

The operative pleading in this case is Plaintiff's Fourth Amended Complaint, ECF No. 99 ("4th Am. Compl."). The events giving rise to Plaintiff's claims include Plaintiff's arrest by Metropolitan Police Department ("MPD") officers on January 13, 2011 and his subsequent involuntary commitment during which he was forcibly medicated. *See id*. ¶¶ 35-4. The Fourth Amended Complaint names Amelia Villaruz, *id*. ¶ 3, and 16 other defendants, *see id*. ¶¶ 4-19. The District of Columbia, Phuong Tho Vo and Timothy Sawina are not among them.[1] Nevertheless, Plaintiff requests leave to conduct expedited discovery for two purposes: (1) to obtain identifying information necessary for service of process on Amelia Villaruz, Phuong Tho

---

[1] Plaintiff proceeds as if "identifying information [about Phuong Thu Vo and Timothy Sawina simply] can be added to the complaint." Pl.'s Mot. at 4 n.2. The court notes that its July 8, 2019 Order, ECF No. 98, advised Plaintiff that it would not entertain another motion for leave to amend the complaint absent extraordinary circumstances.

Vo and Timothy Sawina, and (2) to identify any other MPD officers involved in Plaintiff's arrest.

Although discovery usually commences after the defendants are served, the court may "permit[] limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Landwehr v. FDIC*, 282 F.R.D. 1, 3 (D.D.C. 2010) (quoting *Chung v. U.S. Dep't of Justice*, No. 09-cv-0716, 2001 WL 34360430, at *7 (D.D.C. Sept. 20, 2001), *rev'd in part on other grounds*, 333 F.3d 273 (D.C. Cir. 2003)) (additional citation omitted). To this end, the court may consider:

> (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

*Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015) (citing *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014) (quoting *In re Fannie Mae Derivative Litigation*, 227 F.R.D. 142, 142-43 (D.D.C. 2005))).[2] On these factors, the Court concludes that expedited discovery is not warranted in the circumstances of this case.

---

[2] In the alternative, the court could adopt the so-called *Notaro* test:

> [A] moving party must demonstrate the following in order to obtain expedited discovery:
>
> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant[s] will suffer if the expedited relief is granted.

*Guttenberg*, 26 F. Supp. 3d at 97 (quoting *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)). The court declines to apply *Notaro*'s "stringent standard" and applies instead the "more liberal test for expedited discovery . . . based on reasonableness" described above. *In re Fannie Mae Derivative Litigation*, 227 F.R.D. at 142.

Plaintiff neither explains the urgency of his request nor otherwise proffers a compelling reason to conduct expedited discovery in this case which barely has progressed beyond the pleading stage.  Rather, he asserts in conclusory fashion that he "would suffer irreparable harm" if the court were to deny him this relief.  Pl.'s Mot. at 6 (page numbers designated by ECF).  No preliminary injunction is pending, and the court's resolution of two dispositive motions, ECF Nos. 100 and 102, may affect some or all of the individuals who are subject to Plaintiff's proposed expedited discovery requests.

Furthermore, although the proposed discovery requests appear to be narrowly tailored, Plaintiff fails to overcome concerns regarding the burden even limited discovery imposes, particularly where Plaintiff seeks discovery regarding individuals who are not named defendants in this case.  Green Door's counsel represents that Timothy Sawina is the organization's former Director with whom counsel has had no contact since Sawina's resignation in 2013.  Def. Green Door's Opp'n to Pl.'s Third Mot. for Expedited Discovery, ECF No. 113 ("Green Door Opp'n") at 1, n.2.  Counsel represents that Green Door "is a former non-profit organization" which "clos[ed] its doors in February 2017, and . . . is currently going through the dissolution [] and windup process under District of Columbia law." *Id*. at 2.  Hence, Green Door neither has office space or employees who may or may not be able to find information about Mr. Sawina – who is not a party defendant – in the organization's files. *Id*.

The District of Columbia appears specially for the limited purpose of responding to Plaintiff's motion for expedited discovery.  District of Columbia's Opp'n to Pl.'s Fourth Mot. for Expedited Discovery, ECF No. 115 ("District Opp'n") at 1.  It, too, opposes Plaintiff's motion because discovery would be overly burdensome.  Its counsel represents that production of employment records "is not as simple as Plaintiff seems to suggest," given District of Columbia

law and regulations protecting relevant personnel information from disclosure. *Id*. at 4. Almost certainly "a review of personnel files and other arrest reports or contacting [William Peters, Isha Edwards, Phuong Thu Vo and Amelia Villaruz] based on [the District's] best available information," Pl.'s Mot. at 6, is no small undertaking, given the sheer number of individuals in the District's employ. Furthermore, the District is not a named defendant and the Fourth Amended Complaint asserts no claims against any unidentified MPD officers. District Opp'n at 3-4.

Plaintiff's counsel has proven himself capable of accessing public records and otherwise making inquiries regarding Mr. Sawina's and Dr. Villaruz's whereabouts. *See, e.g.,* Pl. Melvin Brown's Reply Brief to Green Door's Opp'n to Expedited Discovery, ECF No. 114 at 2 (page number designated by ECF); Pl. Melvin Brown's Mot. to Reissue Summons and Direct the U.S. Marshall [sic] Serv. to Effect Service on Amelia Villaruz, Sarah Hochbaum, Laura Nichols, Timothy Sawina and Dana Vanzant as Defs., ECF No. 65 at 2. As the oppositions note, *see* Green Door Opp'n at 1-2, District Opp'n at 3, counsel fails to explain his efforts to obtain information necessary for service of process. His purported inability to verify what little information he has or to obtain additional relevant information without discovery, *see* Pl.'s Mot. at 4-5, does not justify discovery so early in this case.

It is hereby

ORDERED that Plaintiff Melvin Brown's Fourth Motion for Expedited Discovery [111] is DENIED.

DATE: November 27, 2019               /s/
                                      TANYA S. CHUTKAN
                                      United States District Judge