United States District Court
for the District of Columbia

22 Total Pages;
Four Pages of
attachments (enclosures)

# 14-140-UNA

Melvin Brown, Plaintiff,

Demand: $11,500,000

Cause: 1983 Civil Rights Act

v.

Hill, et al.,

Defendants,

Include:

Nature of Suit: 440
Civil Rights: Other

**FILED**
NOV 21 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

PRO SE

Amended Complaint

SOME Corporation, John Adams, President, 60 O St. NW, WDC, 20001
Richard Gerlach, Executive Dir., 60 O St. NW, WDC, 20001
Ann Chauvin, Chief Medical Ofc., 60 O St. NW, WDC, 20001
Belinda Sealey, Director Adult Housing, 1876 4th St. NE, WDC, 20002
Susan Bond, CAO, 1876 4th St. NE, WDC, 20002
Lawrence Parot, Night Mgr., 1876 4th St. NE, WDC, 20002
Francis Brown-McCall, 1835 3rd St. NE, WDC, 20002
(Sandra Hill), 60 O St. NW, WDC, 20001
Amelia Villaruz, MD, 1905 E. St. SE, WDC, 20003

RECEIVED
NOV 21 2014
Clerk, U.S. District and
Bankruptcy Courts

CONT

Pg. 2.

Margaret Simmons, 60 O St. NW, WDC, 20001

David Walker (~~John Doe~~ MS), 64 New York Ave. NE, WDC, 20002

Laura Nichols, 1221 Taylor St. NW, WDC, 20011

Sarah Hochbaum, 1221 Taylor St. NW, WDC, 20011

Dana Vanzant, 1221 Taylor St. NW, WDC, 20011

Green Door Corporation, Timothy J. Sawina, President and CEO, 1221 Taylor St. NW, WDC, 20011

---

Cont.

Pg. 3.

# United States District Court for the District of Columbia

## Amended Complaint # 14-140-UNA

### Federal Question Jurisdiction

Section 1331. Federal Question

I. This suit arises under the law that creates cause of action. Then, when a federal law creates the claim and the rules of decision governing it, federal jurisdiction exist.

1. The District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

2. Title 28, Section 1331 of the United States Codes confers upon federal district Courts jurisdiction over "all civil actions under the Constitution, laws, or treaties of the United States." Section 1331, which grants what is commonly referred to as federal question jurisdiction, is an all-purpose jurisdictional statute, and is not limited by any requirement that a minimum dollar amount be in controversy.

3. Claim for relief should need no new jurisdictional support, as already set forth. (See also United States Court of Appeals Mandate (enclosed.)

Cont

Pg. 4.

## Complaint: HIPAA Law violation, And: Deprivation of Liberty (By Stealth)

II. In the foregoing matter, Plaintiff states in his Complaint, that the defendants <u>Conspired</u> to deprive him of his liberty. The Plaintiff further states, that his medical records (Mental Health Information) MHI, and his (Protected Health Information) PHI was obtained illegally, and under false pretenses. And: These acts were committed in the District of Columbia. And: These acts were committed because the Plaintiff filed a Complaint / grievance(s) against their organization: SOME (So Others Might Eat.)

1. Plaintiff was hand cuffed and removed from his home at 1876 4th St. NE, WDC, on 1-13-11, and transported to CPEP (Comprehensive Psychiatric Emergency Program) a psych ward for two days, and was transferred to PIW (Psychiatric Institute of Washington) for 4 days; Forced meds (in heavy dosages.)

2. Defendant, Margaret Simmons of SOME made a phone call to Access Helpline (of the Dept of Mental Health) DMH on 12-02-10, purportedly seeking crises assistance for Melvin Brown.

(a.) According to Randall Raybon, Clinical Supervisor of Access Helpline, She spoke with a "worker," who later turns out to be Mr David

Cont

Pg. 5.

Walker, a District of Columbia employee with the DMH (Dept of Mental Health). He disclosed the Plaintiff's mental health information without a written Permission to Release Information, nor a valid authorization.

III. Defendants,

A. Belinda Sealey, Susan Bond, and Ann Chauvin made false allegations to the MPD, causing Mr Brown to be deprived of his liberty.

1. Defendant, Susan Bond falsified a DMH document, causing Mr Brown (Plaintiff) to be deprived of his liberty.

2. Defendants, Ann Chauvin, Belinda Sealey, and Susan Bond falsely accused the Plaintiff of leaving (of leaving) threatening notes, hinting "Murder." And "You shall die" (on or under their doors;) causing the DMH Mobile Crises Services to respond; bringing the Police with them to 1876 4th St. NE, WDC; Mr Brown's residence, and preceded upon such false allegations, to take the Plaintiff to CPEP, an emergency psychiatric hospital.

3. Ann Chauvin initiated the Referral (as if the Plaintiff is Bi-Polar, or psychotic;) causing the DMH Mobile Crises Team to hand cuff the Plaintiff, and carried him to CPEP (Comprehensive

CONT

Pg. 6.

Psychiatric Emergency Program.)

4. The FD 12 Report states: "Plaintiff, Melvin Brown pulled a razor blade on (3) three staff persons at Shalom House (where Mr Brown resided.)

(a.) The FD 12 Report contradicts the DMH's reason for Referral; 'leaving threatening notes, hinting murder, and you shall die.'

IV. Defendants,
Sarah Hochbaum, and Dana Vanzant, of Green Door, a Covered entity, Contracted with DMH, disclosed the plaintiff's mental health information (without a written permission to Release Information. Defendants, Sarah Hochbaum, Dana Vanzant, and Laura Nichols, Colluded with the SOME staff, breaching his Confidentiality, and Compromised his (Mr Brown's) Safety, and well being, along with David walker of Access Helpline.

1. The plaintiff filed a grievance against Laura Nichols of Green Door, and sent it to Mike Clancy, via Certified mail. The grievance went unanswered.

2. The Plaintiff sent Richard Gerlach (of SOME), letters, and grievances, complaining about his adverse treatment while at

CONT

Pg. 7.

The Shalom House, owned or managed by SOME. Defendant, Richard Gerlach chose to ignore Mr Brown. He is a tacit party.

3. Defendants, Belinda Sealey, Susan Bond, Ann Chauvin, and Lawrence Parot, retaliated, against Mr Brown (Plaintiff) for having filed grievance(s)/complaints against their organization (SOME). They retaliated by recrimination; accusing him of several serious incidents, including Lease Violations; LTC # 11-02603; Evictions Summons, and ultimately, framing him as "needing to be stablized" (Psychiatric hospitals,) CPEP, and PIW (Psychiatric Institute of Washington;) spending a total of (6) six days; forced meds in these psych wards.

4. Dr. (doctor) Amelia Villaruz, committed Mr Brown (Plaintiff) for further hospitalization, for no immediate or apparent sign or symptoms that required hospitalization; ordering meds @ high dosages, without a Court order (after the plaintiff stated: "There's nothing wrong Me.")

## Conclusion:

1. Mr John Adams bears the responsibility of his employees (@ SOME), especially after his executive director, Richard Gerlach was sent more than one letter/complaint/grievance, which was ignored, but was sent via certified mail, complaining about his treatment at Shalom House by high ranking administrative officials... as if though

CONT

Case 1:14-cv-00140-TSC Document 141-4 Filed 10/29/20 Page 8 of 20
Case 1:14-cv-00140-TSC Document 13 Filed 11/21/14 Page 8 of 20

Pg. 8.

he is not aware. Furthermore, the SOME employees' actions were committed during the course of employment, and are being sued in their individual capacity.

2. Defendant, Francis Brown-McCall repeatedly <u>targeted</u> Mr Brown; trumping up allegations and reasons to make (him) the plaintiff feel threatened and uncomfortable. Also, including a sexual harrassment offense against a "Sandra Hill." And having meetings trying to find wrong doing in Mr Brown (among staff persons.)

3. Lawrence Parot accused mr Brown of threatening to do him bodily harm; grounds for eviction.

4. Mr. Timothy J. Sawina, President and CEO of Green Door is responsible for his employees, Laura Nichols, Sarah Hochbaum, Dana Vanzant, and Mike Clancy, who recieved a grievance from the plaintiff, mentioning HIPAA violations, and the District of Columbia Mental Health Information Act violations; serious offenses. He (mike Clancy) and his superiors, including Mr Timothy J. Sawina chose not to respond. The Green Door employees (Timothy J. Sawina's) are being sued in their individual capacity. His employees' actions were committed during the course of employment.

5. Margaret Simmons called Access Helpline under false pretenses; obtained the plaintiff's Protected Health Information without a written permission. And David Walker disclosed the plaintiff's mental health information, as well as Protected health information

CONT

Pg. 9.

without valid authorization. His actions were committed during the course of his employment. And is being sued in his individual capacity. And so is Amelia Villaruz, medical doctor @ CPEP.

## The Plaintiff's Grounds for Relief:

1. "Liberty" is Constitutionally Protected by both the Fourth and Fifth Amendments and is a Protectable deprivation of Due Process.

2. The mere showing of a deprivation of a Constitutionally federal Protected right in and of itself establishes both injury and damages.

3. The defendants' acts were the legal cause of Plaintiff's damages.

4. Tort of False imprisonment does not require that an individual actually be imprisoned. False imprisonment occurs anytime someone intentionally and unjustifiably confines a person directly or indirectly such that the confined person is aware that his freedom of movement is constrained, or is harmed by such confinement; to establish a Civil Rights violation based on False imprisonment, a case is made when a Plaintiff shows confinement and an awareness by the Plaintiff plus an intent of the de-

CONT

Pg. 10.

defendants to confine.

5. The principle that all people and institutions are subject to and accountable to law is fairly applied and enforced; the principle of government by law; Cause of Action; Fact or facts that enable a person to bring an action against another.

6. Federal Regulations is one of the basic tools government uses to carry out public policy. Such agencies create regulations (better known as "rules") when Congress provides authority to do so. These defendants are well aware of the HIPAA Law, or should be.

7. Disclose means: "To communicate any information in any form, (written or oral, or recorded.") And disclosure constitutes "a single act or series of acts taking together amounts to disclosure."

8. The HIPAA Security Rule establishes National Standards to Protect individual's Protected Health Information that is created, recieved, used, or maintained by a covered entity.

CONT

Pg. 11.

The Security Rule requires appropriate administrative, Physical and Technical Safeguards to ensure the Confidentiality, Integrity, and Security of Protected Health Information.

U.S. Code Title 42 § 1320 d-6-7

Wrongful Disclosure... Section 1320 d-9 (b)(3) of this Title and the individual obtained or disclosed such information without valid authorization, This law call for penalties, Civil and Criminal Penalties when the offense committed, or Use individually identifiable health information to cause Harm.

1. The basis of Plaintiff's law suit founded on legal grounds and alledged facts, which if Proved, would constitute all The elements required by statue.

Cont

Pg. 12.

## Relief Sought:

I. Compensatory Damages, and Punitive Damages, $11,000,000, and $5,500,000, respectfully, Totaling $16,500,000;

1. The Plaintiff is asking that The defendant, John Adams To Pay $1,000,000 for Turning a blind eye to his employee's willful and intentional, and deliberate actions to Cause damages and injuries to the Plaintiff. Mr Adams' employees are employed with SOME;

    (a.) The Plaintiff had No Contributory factor(s) herewith;

2. The Plaintiff is asking that the defendant, Timothy J. Sawina To Pay $1,000,000 for his employees of Green Door, colluding To deprived the Plaintiff of his liberty. Also for: Failing to investigate a grievance against his Company, Green Door, when The Plaintiff (in his grievance) alledged HIPAA violations, and Violating the MHIA (mental Health Information Act.)

3. The Plaintiff is asking that the defendant, Richard Gerlach To Pay $1,000,000 for his having knowledge of Mr Brown's adversities, via Certified mail; grievances/complaints, and letters, those of which he ignored;

4. The Plaintiff is asking that defendant, Margaret Simmons to pay $1,000,000 for <u>Obtaining</u> mental health information, and Protected health

Cont

Pg. 13.

information without a written Permission to Release Information, and, under false Pretenses;

5. The Plaintiff is asking that the defendant, David Walker to Pay $1,000,000 for Disclosing Protected Health Information without a valid Authorization;

6. The Plaintiff is asking that defendant, Ann Chauvin for knowingly making false allegations to the DMH/Mobile Crises Services, who, initiated the Referral of Mr Brown needing to be stablized (hospitalized.) Plaintiff ask that she Pay $1,000,000;

7. Susan Bond, defendant, who falsified a DMH document stating: "She is Melvin Brown's (The Plaintiff's) Case Manager." MB --- MB
Plaintiff is asking defendant, Susan Bond to Pay $1,000,000;

8. Belinda Sealey, defendant, along with Susan Bond, and Ann Chauvin made false allegations to the MPD; causing the Plaintiff to be deprived of his liberty. The Plaintiff is asking defendant, Belinda Sealey to *Pay $1,000,000; And: initiating an Eviction Proceeding to cause further-undo harm.

9. The Plaintiff is asking that the defendant, Dr. Amelia Villaruz to Pay $1,000,000 for ordering the plaintiff to be Committed to the Psych ward(s), with NO Scientific facts to support

---
* (Pay) compensate the Plaintiff

Cont

Pg. 14.

a need for hospilization.

10. He is asking that defendant, Sarah Hochbaum (of Green Door) to pay $250,000 for colluding with the SOME staff, and breaching the plaintiff's confidentiality.

11. He is asking that the defendant, Dana Vanzant to pay $250,000 for alterating, or attempting to alterate a Green Door document.

12. The plaintiff is asking the defendant, Laura Nichols to pay $750,000. She is a Tacit party; giving Sarah Hochbaum directives in which to conspire to have Mr Brown hospitalized, and to gather, and distribute the plaintiff's privacy to the SOME staff. Further more, Laura Nichols is Ms Hochbaum's Supervisor.

13. The plaintiff is asking that the defendant, Francis Brown-McCall to pay $250,000 for targeting Mr Brown; having Staff meetings, in hopes of finding fault in Mr Brown; finding him guilty of (unfounded) sexual harrassment offense, that of Sandra Hill, who played an active roll in delivering to Ms McCall, faults, in Mr Brown; setting him up for eviction proceedings; Lease violations (to have the plaintiff

CONT

Pg. 15.

removed from the SOME Premises (rental property.)

14. The plaintiff is asking that Sandra Hill, defendant to pay $250,000 for falsely accusing the plaintiff of Sexual Harrassment, with nothing to support such allegation; charming her way into the SOME Corporation as a "Now-Paid-SOME Staff employee," having been a Shalom House resident, who colluded with Francis Brown-McCall. Her reward was: "guaranteed employment with the SOME Corporation.

15. And the plaintiff is asking the defendant, Lawrence Parot to pay $250,000, who, on Nov. 28, 2010 (4) Four days prior to Ms Simmons phone call to Access Helpline,) Mr Parot wrongfully accused the plaintiff of threatening to do him bodily harm; grounds for evictions; Lease violation; Targeting Mr Brown.

16. In addition to: Court Cost and fines.

17. The plaintiff is asking this Honorable to consider the economic

CONT

Pg. 16.

damages for the lost of Sales - Potential Sales. Mr Brown Published a book on Oct. 30, 2013, with Amazon.com., Title: A Speck of Joy (The Greatest Slave Story Ever Told.) Since that date, Mr Brown has put zero time in the (Sales) Promotions, or time to push his book; no excerpt readings; no open mic engagements, no monies to advertise his book.

(a.) He is preserving his monies for Subpoena Cost-per Person.

(b.) Unable to focus or concentrate on the book's highest potential; Movie Rights, (Producers), Literary Agents, etcetera.

(c.) Mr Brown has a screen script (written and prepared), but are unable to push it or market it due to this Cause of Action - time consuming. He is asking for $$50,000 in losses.

(d.) Plaintiff has another book (ready for publishing) title: Doctor, Lawyer, And Indian Chief, but are unable to pursue, due to this Cause of Action; Screen script ready as well

(e.) He is hampered from even having his published book listed with the Library of Congress, where scores of book

Cont

Pg. 17.

readers frequent, and browse - for whatever their reason(s); And unable to have his eBook put in physical form, due to this Cause of Action.

18. He is asking for appropriate attorneys fees, and reimbursement of Subpoena Cost (Per Person,) and other un-seen cost that may arise out of this Complaint.

19. The Plaintiff is asking for protection against further vendettas, and retaliations by the defendants (for his having taken legal action.)

Thank you.

Melvin Brown

2810 Texas Av. SE, # 309
WDC, 20020
(202) 710-1431

Date: 11-21-2014

CONT

Case 1:14-cv-00140-TSC Document 141-4 Filed 10/29/20 Page 18 of 20
Case 1:14-cv-00140-TSC Document 15-4 Filed 11/21/14 Page 18 of 20

Pg. 18.

## Under the Penalty of Perjury

The Plaintiff Declare and affirm that the foregoing information is True and Correct to the best of his knowledge and belief.

## Certificate of Service

An exact Copy of the foregoing (Complaint and enclosures:) 1. U.S. Court of Appeals (Mandate) (Two Pages.) 2. Letter from Randy Raybon, Clinical Supervisor of Access Helpline (1 Page) And 3. A DMH document that of Susan Bond, Falsifying... (1 Page), are being included and Mailed via First Class on 11-21-2014, TO: Mr Edward Cordone, atty for the Parties of SOME, to his last known address, 1700 17th St. NW, Ste 301, WDC, 20009, including: Francis Brown-McCall (former employee of SOME) Also: TO: Mr David A. Jackson, Asst. A.G., atty for the District of Columbia employee(s). And TO: Mr Timothy J. Sawina, Laura Nichols, Sarah Hochbaum and Dana Vanzant, all addressed to each individual @ 1221 Taylor St. NW, WDC, 20011.

Melvin Brown
PRO SE

Melvin Brown
2810 Texas Av. SE #309
WDC, 20020
11-21-2014

1/11/11

#14-140-UNA

Melvin Brown
1876 4th St. NE, Apt. 124
Washington, DC 20002

Dear Mr. Brown:

My apologies for not responding to your grievance sooner.

I spoke with Margaret Simmons of SOME, and Ms. Simmons stated that she called Access Helpline on 12/2/10 around 11 am seeking crisis assistance and that she spoke with a male worker whose name she could not remember. Our worker suggested that she call Green Door for assistance. Upon speaking with this worker, he believed that Ms. Simmons stated she "thought" that you were linked with Green Door, and that he simply confirmed that and encouraged her to call them for assistance.

It is our standard protocol to notify CSAs when the consumers linked to their agency are in crisis so that they may assist in resolving the crisis. In this case, the worker should have indicated to Ms. Simmons only that we would deploy someone to respond to your crisis.

We want to assure you that the Access Helpline values both your safety and the privacy of your health information, and apologizes for this incident. We will continue to re-orient staff to consent procedures.

You also had a second question, "Also, I want to know what or how is SOME connected to Shalom House?" SOME's website indicates that Shalom House is one of the affordable housing units run by SOME. It should also be noted that SOME runs Jordan House, which is a crisis bed provider for the Department of Mental Health.

Please feel free to contact me if you have any further concerns.

Sincerely,

*Randall W. Raybon*

Randy Raybon
Clinical Supervisor
Access Helpline/Care Coordination
Department of Mental Health
Randall.Raybon@dc.gov
(202) 671-3066

## Comprehensive Psychiatric Emergency Program

**Continuation Form**   Page Number 1

#14-140-UNA

Shalom House
Melvin Brown
·Susan Bond casemanager
443-415-4498
   call if needed

Consumer name: