IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELVIN BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 14-00140 (TSC) |
| ) | |
| SANDRA HILL, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINITFF MELVIN BROWN'S REPLY TO THE DEFENDANTS DAVID WALKER AND AMELIA VILLARUZ'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

**INTRODUCTION**

a) On March 15, 2015, this Court entered an order in response to a remand from the United States Court of Appeals for the District of Columbia Circuit in which this Court applied the relation back provisions of Fed. R. Civ. P. 15(c) to Plaintiff Melvin Brown's amendment to his original complaint. Prominently contained in this amended pleading are the allegations raised against Defendant Amelia Villaruz. *See* "Amended Complaint" at Mot. to Reconsider Dkt. Entry# 141, Exh. B. In fact, a summons was issued for Amelia Villaruz that was returned unexecuted. The only thing that has changed since this Court filed Plaintiff's Amended Complaint is that Amelia Villaruz was served with process. Given this prior opinion that recognized the interest of justice addressed by the D.C. Circuit in its reversal and remand, the equitable interests at play in the "law of case doctrine," Plaintiff's *pro se* status at the time of fling, Fed R Civ. P. 15(c) along with the other palpable equitable concerns implicated in this case, reconsideration is required. This Court committed "clear error" by dismissing Amelia Villaruz.

1

b) There are no set rules or required form for pleading under the federal rules of civil procedure. Under *Fed. R. Civ. P.* 8(a) all that is needed is a short plain and concise statement that provides ample notice to a defendant of the claims raised against them. Nothing requires a detailed and independent statement of parties. By pursuing this argument the District of Columbia would have this Court apply a hyper-technical reading of *Fed. R. Civ. P.* 8(a) that is at odds with the lenient and liberal pleading standards that have always been a part of the federal rules. The fact remains that the District of Columbia is identified as a party defendant throughout the complaint, was properly served with process and is within the jurisdiction of the Court based on the allegations in the Fourth Amended Complaint. Again, and given the state of the record, the error is obvious and clear.

c) And last, the issue before the Court in terms of Plaintiff's sect. 1983 claim is whether the "Privacy Rule" of *HIPAA* creates a right to protected health information. This Court did not answer this question. This was an obvious misapprehension of the issue presented in Plaintiff's opposition to David Walker's motion to dismiss the Fourth Amended Complaint.

In response, defendant David Walker introduces new arguments unrelated to those claims raised under 42 U.S.C. 1983. For the first time Walker now argues that any claims raised under 42 U.S.C.1983 are time-barred under the three (3) year limitation period. This issue was neither addressed in this Court's opinion that limited its order to the one (1) year limitation for D.C. Code § 7-1201.01 et seq. nor the motion to reconsider.

## ARGUMENT

The standard for clear error embodied by *Fed R. Civ. P*. 54 (b) does not require a change in laws or arguments that could have been raised. The rule allows for the misapprehension of

arguments and avoiding those legal errors as justice requires. Indeed, this standard is flexible. In these terms, the discretion of the Court is broad.

    A) <u>The controlling precedence for relating back Plaintiff's Fourth Amended is clear. In response to the D.C. Circuit's reversal and remand off this Court's previous order, this Court ordered that and Amended Complaint that included allegations against Amelia Villaruz relate back under Fed. R. Civ. P. 15(c) to the original complaint. For this as well as other reasons the Court dismissing the Counts against Amelia Villaruz was and remains "clear error."</u>

On March 15, 2015, this Court entered an order in response to a remand from the United States Court of Appeals for the District of Columbia Circuit in which this Court applied the relation back provisions of Fed. R. Civ. P. 15(c) to Plaintiff Melvin Brown's amendment to his original complaint. Prominently contained in this amended pleading are the allegations raised against Defendant Amelia Villaruz. The specific naming of Villaruz as a defendant followed complaints about being placed in CPEP, held and transferred to PIW ("Psychiatric Institute of Washington"). *See* Mot. to Reconsider, Dkt. Entry # 141, Exh. A. To place this issue in context and to give clarity to the unfairness of the "clear error" a brief factual history is appropriate.

    On January 30, 2014, Plaintiff Melvin Brown filed suit in the United States District Court for the District of Columbia. Dkt Entry 1. It is not disputed that this was within the three (3) limitations period for the claims filed by Plaintiff. On March 4, 2014, Plaintiff filed a notice of appeal from a dismissal of this complaint. Dkt. Entry 5. On September 22, 2014, the D.C. Circuit issued its mandate directing this Court to vacate the order of dismissal and consider Plaintiff's complaint that was filed under 42 U.S.C. 1983. Dkt. Entry 8. On October 22, 2014, this Court ordered Plaintiff to file an amended complaint within 30 days of that order. Dkt Entry 10. Plaintiff filed his amended complaint on November 22, 2014. Dkt Entry 13. Included as a defendant in this Amended Complaint was Amelia Villaruz, an employee of the District of Columbia, for the events complained of in the Fourth Amended Complaint. *Id.* Summonses were

issued for all defendants, including defendant Amelia Villaruz. Docket Order, April 24, 2015. The summons for Amelia Villaruz was returned as unexecuted on June 19, 2015. Dkt. Entry# 29. After the parties moved to dismiss the amended complaint, on March 19, 2018 in a Memorandum Opinion this Court ordered, in pertinent part, that the Amended Complaint "relate back" under *Fed. R. Civ. P.* 15 (c) to the timely filed original complaint. Dkt. Entry# 57. In this Court's 2018 order, it stated:

> The court is mindful of the D.C. Circuit's remand order, particularly its observation that, if Plaintiff were to have filed a new complaint with 42 U.S.C. § 1983 as a basis for this Court's jurisdiction, the complaint would have been time-barred. In the interest of justice, the D.C. Circuit directed this court to allow Plaintiff an opportunity to amend his complaint. Under these circumstances, the court will treat the allegations of the Amended Complaint as relating back to the original complaint filed on December 11, 2013. Therefore, the Plaintiff's § 1983 claims against Green Door and Walker are timely filed.

*Brown v. Hill,* 174 F.Supp.3d 66 (D.D.C. 2016).

The March 19, 2018 Memorandum Order ostensibly established the law of the case for the Amended Complaint that either set the Amended Complaint as the operative complaint or, as in the case of *pro se* plaintiffs, supplements the original complaint.  *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996)(en banc)("The doctrine of law of the case comes into play only with respect to issues previously determined."); *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999)("the law of the case may be revisited only if there is an intervening change in the law or if the previous decision was 'clearly erroneous and would work a manifest injustice.'"). In his Opposition to Amelia Villaruz's Motion to Dismiss the Complaint Plaintiff argued that this Court should, at a minimum, be compelled to consider Plaintiff's subsequent pleadings with the Original Complaint that Defendant Villaruz admits was timely filed. Plaintiff further argued that these equitable and jurisprudential concerns should be considered in terms of Fed. R. Civ. P. 15(c). Both the D.C. Circuit remand that recognized equitable considerations with the then *pro se*

4

plaintiff and this Court's March 19, 2018, Memorandum and Order entered in response to this remand further compel a conclusion that the Fourth Amended Complaint relates back to the timely filed Original Complaint. The only thing that has changed since this Court filed Plaintiff's Amended Complaint is that Amelia Villaruz was served with process. Contrary to Defendant Villaruz's assertion, the law and authority is in fact controlling and the result is "clear error."

The result reached by the Court was clear error for other jurisprudential reasons. First, this prior opinion accepted the Amended Complaint as the then operative complaint in the litigation or as supplemental to the original complaint. In either event, both the District of Columba and its employees were put on notice of the complained of events. Though unable to identify specific parties, the Original Complaint nonetheless complains about his hospitalization at CPEP as illegal. Mot. for Reconsideration, Dkt. Entry# 141 at Exh. A. This Court had no problem applying the jurisprudential concerns expressed by the D.C. Circuit in its reversal and remand in 2014 and should not raise these concerns now. This opinion is controlling, and the result in dismissing all counts against defendant Amelia Villaruz is "clear error."

B)  Under Fed R. Civ P. 8(a), there are no set rules or formats for pleading

There are no set rules or required form for pleading under the federal rules of civil procedure. Under *Fed. R. Civ. P.* 8(a) all that is needed is a short plain and concise statement that provides ample notice to a defendant of the claims raised against them. Nothing requires a detailed and independent statement of parties. By pursuing this argument the District of Columbia would have this Court apply a hyper-technical reading of *Fed. R. Civ. P.* 8(a) at odds with the lenient and liberal pleading standards that have always been a part of the federal rules. Given the state of the record, the error is obvious and clear.

Without restating every instance in which the District of Columbia was named as a party defendant to the litigation, it is safe to say that every count alleged against the District of Columbia identifies it as a defendant. Moreover, both the Mayor of the District of Columbia and the Office of the Attorney General for D.C. were both served with process thereby bringing the District of Columbia into the litigation as a party defendant. All allegations establish the District of Columbia within the jurisdiction of the Court. To hold otherwise is both obvious and clear error.[1]

    C) <u>This Court did not consider or decide the dispositive issue of whether the "Privacy Rule" of HIPAA creates a protected right in protected mental health information. This is a clear misapprehension of the argument presented to oppose David Walker's Motion to Dismiss the Complaint.</u>

---

[1] First, So Others Might Eat ("SOME") did not oppose Plaintiff's motion for this Court to reconsider its *sua sponte* order dismissing SOME as a defendant. The motion as to SOME must therefore be treated as conceded. As argued in the motion to reconsider the Court's *sua sponte* dismissal of SOME was clear error. Local Civil Rule 7(b)(requires that a party opposing a motion serve and file an opposition at the time directed by the Court; if he fails to do so, "the court may treat the motion as conceded." ) *also see Cohen v. Bd. of Trs. of the Univ. of D.C.*,819 F.3d 476, 480 (D.C. Cir. 2016); *Fox v. Am. Airlines, Inc.*,389 F.3d 1291, 1293-94 (D.C. Cir. 2004).

    In paragraph 7, Plaintiff identified John Adams in his official capacity by stating: "Defendant John Adams is the President of So Other Might Eat ("SOME") a community-based organization operating in the District of Columbia with an address of 70 O Street, NW Washington D.C. 20001." Official capacity suits against corporate officers are always deemed against the corporate entity.  By both rule and longstanding precedence corporate entities may be brought into a litigation by service of process on the corporate officers in their official capacities. *Fed. R. Civ. P.* 4(d)(3) *also see Masterson-Cook v. Criss,* 722 F.Supp 810 (D.D.C. 1989). And like the District of Columbia, SOME is identified as a party defendant within the jurisdiction of the Court in every alleged count and throughout the complaint. Dismissing SOME and the District of Columbia from the Fourth Amended Complaint would apply a hyper-technical reading of *Fed. R. Civ. P.* 8(a) at odds with the lenient and liberal pleading standards that have always been a part of the federal rules and Fed. R. Civ. P. 4(d)(3). In the interest of justice, the more appropriate course would to substitute SOME for defendant Adams and/or Gerlach. Given the state of the record, the error is obvious and clear.

In its opinion, this Court makes a single determination that Plaintiff's theory that the violation of *HIPAA* did violate due process because the statute did not create a private right of action. *See Health Information Portability and Accountability Act*, 42 U.S.C. 1320d-6, 45 CFR 160 & 164. The October 15, 2020, Memorandum Opinion states:

> Even if Walker's disclosure violated *HIPAA*, and even if the disclosure of protected mental health information played some part in Plaintiff's involuntary commitment, Plaintiff cannot repackage a *HIPAA* claim as a substantive due process claim. *HIPAA* does not create a private right of action.

Mem. Op. Oct. 15, 2020 at p. 21. Indeed, all authority cited by the Court is limited to the issue of an implied private right of action. This limited inquiry, however, does not resolve the issue.

Through explicit terms the United States Supreme Court has drawn a distinction between the required inquiry defining implied private rights of action and the enforceable rights cognizable under 42 U.S.C. Sect. 1983. The Court explained that "whether a statutory violation may be enforced through § 1983 is a different inquiry than that involved in determining whether a private right of action can be implied from a particular statute." *Gonzaga v. Doe,* 556 U.S. 273, 283 (2002). Namely, plaintiffs proceeding under § 1983 "do not have the burden of showing an intent to create a private remedy because § 1983 generally supplies a remedy for the vindication of rights secured by federal statutes." *Id.* at 284." *Duberry v. D.C.* 14 cv1258 (D.D.C. 2015). Instead, plaintiffs must prove that an enforceable right exists within the statute. *Id.* By simply holding that no implied private right of action exists within HIPAA does not begin to address the important and prominent issue of whether an enforceable right was created by the statute. The result is a misapprehension of law the requires reconsideration by the Court under *Fed. R. Civ. P.* 54(b).

For his part, David Walker makes new arguments neither addressed by the Court in its opinion dismissing David Walker for the violations alleged in the Fourth Amended Complaint

nor any motion to reconsider. The Memorandum Order only discusses the timeliness of claim is for the claim arising under Violation of D.C. Code § 7-1201.01 et seq. (Count IX) that provides a one (1) year limitation. Nothing in the opinion considers the three (3) year limitations applied to 42 U.S.C. Sect. 1983 as argued by David Walker.

Even so, applying the foregoing standards and arguments addressed in Part A of this Reply Brief and in Part A of the Motion for Reconsideration, the Counts alleging violations under 42 U.S.C. 1983 against David Walker relate back to the original complaint and are thereby timely.

## CONCLUSION

For the reasons stated herein, any opposition, the reply, the law, the facts and the record herein, this Court must grant Plaintiff Melvin Brown's Motion to Reconsider the Court's Order Dismissing Amelia Villaruz, David Walker, the District of Columbia and So Other Might Eat, vacate its order, and order these defendants to answer Plaintiff Melvin Brown's Fourth Amended Complaint.

Respectfully submitted,

_____/s/_____
GEORGE E. RICKMAN
DC Bar 433298
P.O. Box 21267
Kalorama Station
Washington, D.C.  20009-21267
202-258-3643
georgerick11@comcast.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 17th day of November 2020, a copy of this Reply to Defendant David Walker's Opposition to Plaintiff's Motion for Reconsideration was served by electronic service on:

Katherine Erklauer
Blumenthal & Cordone, PLLC
7325 Georgia Ave., NW
Washington, D.C.  20012
kerklauer@blumcordlaw.com

AAG Philip Medley
441 Fourth Street, NW 6th Floor South
Washington, DC  20001
philip.medley@dc.gov

         /s/
GEORGE E. RICKMAN