**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
MELVIN BROWN,                         )
                                                    )
                        Plaintiff,           )
            v.                                  )          Civil Action No. 14-0140 (TSC)
                                                    )
SANDRA HILL, *et al.*,                 )
                                                    )
                        Defendants.     )
_____ )

**MEMORANDUM OPINION AND ORDER**

     This matter is before the court on Plaintiff Melvin Brown's Motion to Reconsider Order

Dismissing Defendants Amelia Villaruz, David Walker, So Others Might Eat and the District of

Columbia (ECF No. 141) and Plaintiff Melvin Brown's Renewed Motion for Expedited

Discovery (ECF No. 142).  For the reasons discussed below, the court DENIES the motions.

**I. BACKGROUND**

     **A. Summary of Relevant Factual Allegations**

     The court presumes the parties' familiarity with the alleged facts and procedural history

of this case.  This summary provides context for Plaintiff's pending motions.

     In 2011, Plaintiff was receiving services from the District of Columbia Department of

Behavioral Health ("DBH") and resided at Shalom House, a facility operated by So Others

Might Eat ("S.O.M.E.").  He alleged that David Walker, a DBH employee, disclosed protected

mental health information to Margaret Simmons, an employee of S.O.M.E.  He further alleges

that that disclosure led to conversations between Ann Chauvin, S.O.M.E.'s Chief Medical

Officer, and other service providers who also allegedly disclosed protected mental health

information.

Defendants allegedly used this information to justify Plaintiff's arrest on January 13, 2011, by William Peters and Isha Edwards, members of DBH's Mobile Crisis Unit, to effect Plaintiff's removal from Shalom House, and to commit Plaintiff involuntarily.  Upon his arrest, Plaintiff was transferred to DBH's Comprehensive Psychiatric Emergency Program ("CPEP") where he encountered two psychiatrists.  Dr. Amelia Villaruz allegedly failed to evaluate Plaintiff appropriately and caused Plaintiff to be restrained and forcibly medicated.  Dr. Vo prepared an application for Plaintiff's emergency hospitalization at the Psychiatric Institute of Washington ("PIW").[1]  Plaintiff was transferred to PIW on January 14, 2011, where again he was restrained and forcibly medicated.  PIW discharged Plaintiff on January 19, 2011.

## B. Plaintiff's Complaint, As Amended

Proceeding *pro se* and *in forma pauperis*, Plaintiff filed his original Complaint (ECF No. 1) on December 11, 2013.  On January 30, 2014, the court issued a Memorandum Opinion and Order (ECF Nos. 3-4) dismissing the case for lack of subject matter jurisdiction.  Plaintiff appealed, and the United States Court of Appeals for the District of Columbia Circuit remanded the case:

> Appellant's complaint alleges that the defendants, at least one of whom is alleged to be a District of Columbia employee, wrongfully disclosed his medical information and deprived him of his liberty by making false allegations to the police.  The civil cover sheet accompanying the complaint cites 42 U.S.C. § 1983 as the civil statute under which the cause of action was filed.  It appears, therefore, that appellant was attempting to invoke the district court's jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).  Moreover, appellant has explained on appeal that the disclosure of his health information was proscribed by the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d-6.  But if appellant were to file a new complaint stating the basis for the

---

[1] Plaintiff variously refers to this doctor as "Phuong Thu Vo," *see* 4th Am. Compl. ¶ 41, "Phuong Vu Tho," *see id*. ¶¶ 134-36, "Pho Vuong Tho", *see id*. ¶ 140, and "Dr. Tho," *see id*. ¶¶ 140-42.  The court will refer to her as "Dr. Vo."

> district court's jurisdiction, the complaint would be time-barred. See Earle v. District of Columbia, 707 F.3d 299, 305 (D.C. Cir. 2012). Accordingly, in the interest of justice, the district court is directed to allow appellant to amend his complaint to clearly state the jurisdictional basis of this action and all of the claims appellant is attempting to raise, and to reconsider the dismissal of the complaint for lack of subject matter jurisdiction.

Judgment, *Brown v. Hill*, No. 14-7028 (D.C. Cir. July 25, 2014).

On October 22, 2014, the court issued an Order (ECF No. 10) vacating the dismissal and directing Plaintiff to amend his complaint. The First Amended Complaint (ECF No. 13, "First Am. Compl."), filed on November 21, 2014, did not survive Defendants' dispositive motions (ECF Nos. 22, 23, 36). On March 28, 2016, the court issued a Memorandum Opinion and Order (ECF Nos. 40-41) dismissing the case. Plaintiff appealed, and during these proceedings he produced a "second amended complaint . . . stamped 'received' by the clerk of the district and bankruptcy courts on November 24, 2015, but, for reasons unclear, . . . does not appear on the district court's docket." Judgment, *Brown v. Hill*, No. 16-7059 (D.C. Cir. Feb. 16, 2017). The D.C. Circuit remanded the case "for the district court to determine whether appellant should have been allowed to file the second amended complaint . . . ." *Id.*

Pursuant to a May 18, 2017, Order (ECF No. 46), the Clerk of Court docketed Plaintiff's "2nd – Separate Amended Complaint" and its exhibits (ECF No. 47) as a motion to reopen the case and for leave to file a second amended complaint. Plaintiff filed a supporting memorandum (ECF No. 50) on June 19, 2017, and over Defendants' oppositions (ECF Nos. 52, 53), the court issued a Memorandum Opinion and Order (ECF No. 57) on March 19, 2018, reopening the case, denying without prejudice the motion for leave to amend the complaint, vacating the March 28, 2016, Memorandum Opinion and Order, and appointing counsel to represent Plaintiff. Counsel entered his appearance (ECF No. 60) on June 22, 2018.

On September 24, 2018, Plaintiff filed a motion (ECF No. 70) for leave to file a Second Amended Complaint (ECF No. 70-2).  After Defendants filed their oppositions (ECF Nos. 73, 75, 76), after Plaintiff filed his replies (ECF Nos. 78, 79, 80), but before the court ruled on the motion, Plaintiff sought leave to file a Third Amended Complaint (ECF No. 81) on November 15, 2018.  After Defendants filed oppositions (ECF Nos. 84, 86, 87), after Plaintiff filed replies (ECF Nos. 90, 91, 94), and, again, before the court ruled on the motion, Plaintiff filed a motion (ECF No. 95) for leave to file a Fourth Amended Complaint on March 12, 2019.  Defendants responded on March 22, 2019, with a joint motion to strike (ECF No. 96).  The court issued an Order (ECF No. 98) on July 8, 2019, denying Defendants' motion to strike and granting Plaintiff's motion.

### C. Service of Process

The Fourth Amended Complaint (ECF No. 99, "4th Am. Compl.") is the operative pleading.  It lists 18 Defendants in a section titled "PARTIES."  *See* 4th Am. Compl. ¶¶ 3-19. The District of Columbia, Dr. Vo and S.O.M.E. are not among them.

On August 14, 2019, Plaintiff filed a motion (ECF No. 105) requesting that summonses be issued and served on the District of Columbia, William Peters, Isha Edwards, Amelia Villaruz and Dr. Vo, among others.  By Minute Order dated September 9, 2019, the court granted the motion in part, directing the issuance and service of summonses for the District and Villaruz, and denied the motion part because Plaintiff had not provided addresses for Peters, Edwards and Dr. Vo.

The District was served on December 9, 2019 (ECF No. 121), and its counsel filed a Notice to the Court (ECF No. 122) on December 19, 2019, that neither the District, the Mayor,

nor Attorney General is a named Defendant.  Villaruz was served (ECF No. 125) on February 5, 2020.

On February 23, 2020, Plaintiff filed an Affidavit for Entry of Default (ECF No. 126) as against the District of Columbia, and the Clerk entered default (ECF No. 127) on February 24, 2020.  The District moved to set aside default (ECF No. 129) on March 3, 2020.

Review of the court's docket shows that no summons has been issued for S.O.M.E. Counsel for its employees represents that S.O.M.E. itself has not been served.  *See* Answer (ECF No. 140) at 1 n.1.

**D. October 15, 2020, Memorandum Opinion and Order**

Walker and Villaruz filed motions to dismiss the Fourth Amended Complaint on July 29, 2019, and February 26, 2020, respectively (ECF Nos. 102, 128).  On October 15, 2020, the court issued a Memorandum Opinion and Order (ECF No. 139) granting their motions.  In addition, acknowledging that the District of Columbia is not and never was a named Defendant, the court granted the District's motion to set aside default and vacated the September 9, 2019, Minute Order insofar as it, in error, directed the Clerk of Court to issue summonses and to cause service of process to be effected on the District of Columbia.

Counts I, XV, XVI and XVII were dismissed in their entirety because they pertained to two non-parties: the District and Dr. Vo.  Counts V, VI, VII, IX and XIII were also dismissed against the District, and Count XII against DBH.  Similarly, because S.O.M.E. is not a named Defendant, the court dismissed Count X in its entirety and Counts VIII, XII and XIV as against S.O.M.E.[2]

---

[2]  Plaintiff reached a settlement with the remaining Defendants, *see* Praecipe of Dismissal (ECF No. 138), and the court dismissed Green Door, Inc., Laura Nichols, Sarah Hochbaum, Dana Vanzant, and Timothy J. Sawina with prejudice as parties.

Remaining for resolution were: (1) Count IV (illegal seizure and detention under Fourth and Fifth Amendments) against Peters and Edwards; (2) Count VII (false arrest) against Peters and Edwards; (3) Count VIII (intentional infliction of emotional distress) against S.O.M.E. employees Sandra Hill, John Adams, Richard Gerlach, Ann Chauvin, Belinda Sealy and Susan Bond; and (4) Count XII (conspiracy under 42 U.S.C. § 1983) against Ann Chauvin.  The court declined to dismiss Peters and Edwards, who had not been served with process, based on Plaintiff's prior representations that he did not have their addresses and could not serve them.

## II. DISCUSSION

Plaintiff urges the court to reconsider its October 15, 2020, Memorandum Opinion and Order, arguing that the court either "misapprehended or did not consider facts and arguments that are part of the record and/or the Fourth Amended Complaint."  Mem. of P. & A. in Support of Pl. Melvin Brown's Mot. to Recons. Order Dismissing Defs. Amelia Villaruz, David Walker, So Others Might Eat ("SOME") and the District of Columbia (ECF No. 141-1, "Mot. Recons.") at 1.[3]  In addition, Plaintiff seeks leave to conduct expedited discovery to obtain information to aid in effecting service of process on Peters and Edwards.  *See* Mem. of P. & A. in Support of Pl. Melvin Brown's Renewed Mot. for Expedited Discovery (ECF No. 142-1, "Mot. for Discovery") at 3-5.

### A. Motion to Reconsider Dismissal of Villaruz, Walker, the District and S.O.M.E.

#### 1. Legal Standard

Relief under Federal Rule of Civil Procedure 54(b) is granted "as justice requires," *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (citation omitted),

---

[3]  Plaintiff does not challenge the dismissal of Dr. Vo as a party Defendant and dismissal of Counts XVI and XVII arising from her alleged conduct.

which in turn "requires 'determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances,'" *In Defense of Animals v. Nat'l Insts. of Health*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)).  "Justice may require revision when the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court."  *Singh*, 383 F. Supp. 2d at 101 (internal quotation marks, brackets, and citations omitted).  The moving party "carries the burden of proving that some harm would accompany a denial of the motion to reconsider[.]"  *In Defense of Animals*, 543 F. Supp. 2d at 75.

### 2. Dr. Villaruz

The court found that Plaintiff's claims against Villaruz were barred by the three-year statute of limitations applicable to negligent infliction of emotional distress (Count VI), medical negligence (Count XIII), and constitutional (Counts II and III) claims.  Villaruz's alleged actions would have occurred on January 13, 2011 and perhaps January 14, 2011, and more than three years had passed when Plaintiff filed his Amended Complaint on November 21, 2014, naming Villaruz as a Defendant.  *See* First Am. Compl. at 1, 7.

Plaintiff argues that the court "failed to recognize all that [Plaintiff] alleged . . . in the early stages of this litigation," and thereby erred in granting Villaruz's motion to dismiss.  Mot. Recons. at 5.  He contends that the court should have construed Plaintiff's original Complaint together with the First Amended Complaint and proposed Second Amended Complaint, *see id.* at 5-6, which identified Villaruz as a party and alleged facts supporting claims against her, *see id.* at 6-7.  Plaintiff argues that as he was proceeding *pro se* at that time, the court should have

construed the amendments liberally and treated them as supplements to and continuations of the

original Complaint. *See id.* at 6. Had the court done so, Plaintiff asserts, it would have

understood that the amended pleadings' allegations regarding Villaruz relate back to the original

Complaint under Federal Rule of Civil Procedure 15(c) and thus were filed timely. *See id.*

> Rule 15 provides:
>
> > (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when . . .
> >
> > > (B) the *amendment asserts a claim* or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> > >
> > > (C) the amendment *changes the party or the naming of the party* against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > >
> > > > (i) received such *notice of the action* that it will not be prejudiced in defending on the merits; and
> > > >
> > > > (ii) knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*.

Fed. R. Civ. P. 15(c)(1) (emphasis added). Arguably, a claim arising from Plaintiff's transfer to

or stay at CPEP relates back under Rule 15(c)(1)(B) because it arises out of the conduct or

occurrence set out or attempted to be set out in Plaintiff's original Complaint. But Plaintiff is not

merely asserting a claim pertaining to CPEP, and he also must meet the requirements of Rule

15(c)(1)(C). In three respects he runs afoul of this rule.

First, Rule 15(c)(1)(C) contemplates the change of an existing party or the naming of an

existing party. *See Schieszler v. Ferrum College*, 233 F. Supp. 2d 796, 801 (W.D. Va. 2002)

(commenting that "[t]he word 'change' implies an alteration to the parties in the existing set, not

an addition to the set"); *Miller v. Holzmann*, No. 95-CV-1231, 2007 WL 710132, at *4 (D.D.C.

Mar. 6, 2007) ("Rule 15(c) allows changes in parties between original and amended pleadings only to the extent that the amendment corrects the name of an obviously-intended defendant."). Plaintiff's Fourth Amended Complaint (and First Amended Complaint and proposed Second and Third Amended Complaints) adds Villaruz as a party Defendant and therefore the amendment does not relate back. *See Rayfield v. Grand Rapids, City of*, 373 F. Supp. 3d 962, 976 (W.D. Mich. 2018) (noting that "Rule 15(c)(1)(C) anticipates a 'change' of party" such that amendment "seeking to add an additional party . . . along with the party he originally sued" did not relate back), *aff'd sub nom. Rayfield v. City of Grand Rapids, Michigan*, 768 F. App'x 495 (6th Cir. 2019).

Second, as the court previously concluded, the original Complaint would not have put Villaruz on notice of this lawsuit, thus preventing her from defending herself on the merits of Plaintiff's claims. This is especially so because the original Complaint named a single District of Columbia employee, Randy Raybon, as a party Defendant, but does not name the District itself or DBH, and mentions CPEP only in passing.

Third, Plaintiff did not make a "mistake" regarding Villaruz for purposes of Rule 15(c)(1)(C). The rule allows for "a name-correcting amendment," *Ferguson v. Local 689, Amalgamated Transit Union*, 626 F. Supp. 2d 55, 60 (D.D.C. 2009) (citations omitted), and "[t]he commentary to Rule 15(c) clearly indicates that the rule is intended to be a means for correcting the mistakes of plaintiffs suing official bodies in determining which party is the proper defendant," *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 560 (7th Cir. 1996); *see Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997) ("The committee particularly emphasized, in its Notes to the 1966 amendment the importance of 'relation back' in suits against the government in which the complaint may name, for example, a non-existent agency or

a person who is no longer the relevant government official.").  An amendment may relate back

when, for example, a plaintiff initially sues a non-suable government department rather than the

government itself.  *See, e.g., Kangethe v. District of Columbia*, 75 F. Supp. 3d 433, 438 (D.D.C.

2014) (finding that, where *pro se* plaintiff "initially sued the wrong entity: [the Department of

Employment Services] itself, rather than the District," amendment naming the District "served

after the time to file had expired" related back).

Here, Villaruz is not mis-named in the original Complaint; she is not named at all

because Plaintiff did not know who she was.  Plaintiff's lack of knowledge is not a mistake of

identity Rule 15(c)(1)(C) can correct.  *See Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366

(4th Cir. 2006) (noting distinction "between mistake due to a lack of knowledge and mistake due

to a misnomer," and the Fourth Circuit has "not viewed lack of knowledge of the proper party to

be sued as a 'mistake' as that term is used in Rule 15(c)(3)(B)"); *Barrow v. Wethersfield Police

Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) (holding "that Rule 15(c) does not allow an amended

complaint adding new defendants to relate back if the newly-added defendants were not named

originally because the plaintiff did not know their identities"), *modified*, 74 F.3d 1366 (2d Cir.

1996); *Grigsby v. Johnson*, No. 95-CV-213, 1996 WL 444052, at *5 (D.D.C. May 14, 1996)

("Even where the plaintiff fails to originally name a defendant because he lacks knowledge of

[his] identity, it is not for purposes of Rule 15(c)[] a mistake entitled to relation back.").

Therefore, relation back is improper.  *See Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir.

2012) ("Smith did not make a mistake about the identity of the parties he intended to sue; he did

not know who they were and apparently did not find out within the two-year limitations period.

The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem.");

*Daniels v. Loizzo*, 174 F.R.D. 295, 300–01 (S.D.N.Y. 1997) (denying motion for leave to add

previously unnamed police officers as defendants where "the amendment would only correct Plaintiff's lack of knowledge, not a mistake"); *see also Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998) ("[F]or a 'John Doe' defendant, there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant.").

The court must hold a complaint drafted by a *pro se* Plaintiff to a less stringent standard than it would apply to a complaint drafted by a lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). And the court must "consider a *pro se* litigant's complaint 'in light of' all filings." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015). But even a *pro se* litigant must comply with the Federal Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and Plaintiff's former *pro se* status does not save him from the application of Rule 15(c), *see Tapia–Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (per curiam) (finding that, "even when a suit is brought by a *pro se* litigant, 'an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" (alteration in original)); *Terry v. Chicago Police Dep't*, 200 F. Supp. 3d 719, 726 (N.D. Ill. 2016) (denying *pro se* plaintiff's motion for leave to add Chicago Police Officers as defendants, stating "there is no recourse under the relation back doctrine if the plaintiff's 'mistake' amounts to a lack of knowledge of the proper party at the time the complaint is filed and the plaintiff does not seek leave to amend the complaint to remedy that 'mistake' until after the expiration of the limitations period"). A claim arising from Plaintiff's stay at CPEP may relate back, but Rule 15(c) does not permit addition of Villaruz as a party Defendant after the limitations period had run.[4]

---

[4] Plaintiff argues that the court's Memorandum Opinion dated March 28, 2016 (ECF No. 40) establishes the law of the case, *see* Pl. Reply (ECF No. 147) at 1, 4, insofar as the court treated the allegations of the First Amended Complaint as relating back to the original Complaint filed

### 3. The District and S.O.M.E.

The court found the original Complaint, First Amended Complaint and proposed Second Amended Complaint, each filed *pro se*, wanting.  The proposed Second Amended Complaint did not clearly abandon claims set forth in the original and First Amended Complaint, appeared to raise new ones, and was presented in such a rambling and disorganized fashion that no Defendant could have been expected to prepare an appropriate response to it.  Hence, the court appointed counsel with the expectation that counsel, in a single pleading, would identify all Plaintiff's claims and indicate which claims he brought against which Defendant(s).

Plaintiff faults the court for "requir[ing] a formulaic pleading format that would list each defendant[.]"  Mot. Recons. at 9.  Notwithstanding the fact that the District and S.O.M.E were not listed in the caption and the "PARTIES" section of the Fourth Amended Complaint, Plaintiff argues that inclusion of "facts and theories against" the District and S.O.M.E. in the body of the pleading not only identifies them as party Defendants, *see id.* at 9-10, but also puts them on notice of claims raised against them, *see id.* at 10.  For example, the District is identified in the heading and text of Counts I, VI, and XV.  *See* 4th Am. Compl. at 13, 18, 24.  Similarly, S.O.M.E. is identified in the heading of Count X, *see id.* at 21, and the text of Count X alleges that three S.O.M.E. employees violated Plaintiff's right to due process, *see id.* ¶ 103.  In

---

on December 11, 2013, *see* Mem. Op. (ECF No. 40) at 4-5.  Because the First Amended Complaint identified Villaruz as a party Defendant, *see* First Am. Compl. at 1, 7, 13, Plaintiff contends that any claim against her is timely filed, *see* Pl. Reply at 4-5.  Plaintiff's reliance is misplaced, however, as the March 28, 2016, Memorandum Opinion has been vacated.  Also misplaced is Plaintiff's reliance, *see* Pl. Reply at 4, on the court's March 19, 2018, Memorandum Opinion and Order (ECF No. 57) which does not mention Villaruz at all.  Lastly, Plaintiff misreads the D.C. Circuit's first remand, which directed the district court to allow amendment of the complaint so that Plaintiff could state clearly the jurisdictional basis for this action and all the claims he intended to raise.  The Amended Complaint clarified Plaintiff's intention to proceed under 42 U.S.C. § 1983, and thus the jurisdictional question is settled.  The remand order cannot be construed reasonably as an instruction to ignore Federal Rule of Civil Procedure 15(c).

Plaintiff's view, the Fourth Amended Complaint meets the minimal pleading standard set forth in Federal Rule of Civil Procedure 8(a), *see* Mot. Recons. at 9, and any argument that the District and S.O.M.E. are not on notice of claims against them is "baseless," *id.* at 8.

Plaintiff would have the court and Defendants – including those who neither were listed in the caption nor were identified in the "PARTIES" section – wade through 147 paragraphs and 18 Counts, *in addition* to "all exhibits contained in Dkt. Entry #47 and prior pleadings as a matter of record" in this case, 4th Am. Compl. at 28, in search of factual allegations pertaining to and claims against them.  If Plaintiff intended to sue the District of Columbia and S.O.M.E. and to sue employees of the District and S.O.M.E. in their official capacities, Plaintiff should have made these positions clear by now, nearly eight years after this litigation commenced.  The Fourth Amended Complaint represents counsel's third attempt to amend, having sought leave to amend on September 24, 2018 (ECF No. 70) and November 15, 2018 (ECF No. 81), and having caused Defendants to expend resources unnecessarily to file responses, when Plaintiff's counsel could have – and should have – prepared a single, comprehensive amended pleading on which Defendants and the court could rely.

Plaintiff further notes that the District and S.O.M.E. officials Gerlach and Adams were served with process.  Mot. Recons. at 11.  The court previously acknowledged the District was served in error, and no summons was issued for service on S.O.M.E.[5]

---

[5]  Plaintiff urges the court to treat the motion to reconsider as conceded because S.O.M.E. did not oppose it.  *See* Mot. Recons. at 6 n.1.  The court declines to do so, finding that S.O.M.E. reasonably would have relied on the October 15, 2020, Memorandum Opinion and Order concluding it is not a party Defendant.  Affirmative defenses have been asserted on behalf of Gerlach and Adams, and the court will address the S.O.M.E. Employee Defendants' motion for judgment on the pleadings (ECF No. 143) in a separate Memorandum Opinion and Order.

Even if the District and S.O.M.E. were on notice of Plaintiff's claims against them, notice is not a substitute for proper service of process.  Service of process is not a minor technicality. "[T]he core function of service [of process] is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections."  *Henderson v. United States*, 517 U.S. 654, 672 (1996). That Plaintiff *intended* to sue the District and S.O.M.E. does not excuse his failure to make his intentions clear in the Fourth Amended Complaint, and the fact that the District's and S.O.M.E's counsel are aware of Plaintiff's potential claims does not overcome the obligation to serve process.  *See LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999) ("This court has indicated . . . that it will not allow actual knowledge of a lawsuit to substitute for proper service under [Federal Rule of Civil Procedure] 4."); *Graves v. Republic Nat'l Distrib. Co.*, 42 F. Supp. 3d 121, 123 (D.D.C. 2014) (rejecting argument that improper service of process is excused because Defendant was on notice of suit against him as evidenced by Defendant's removal of the action to federal district court).  And "in the absence of service of process (or waiver of service by the defendant)," the "court ordinarily may not exercise personal jurisdiction over a party named as a defendant."  *Conant v. Wells Fargo Bank, N.A.*, 24 F. Supp. 3d 1, 10 (D.D.C. 2014) (citations omitted).

### 4. David Walker

Plaintiff has challenged the dismissal of Counts V and XIV against Walker.  *See* Mot. Recons. at 11-16.  The heading of Count V purportedly introduced a negligent infliction of emotional distress ("NIED") claim against Walker and the District.  *See* 4th Am. Compl. at 17. The court found that the corresponding factual allegations, *see id.* ¶¶ 71-78, suggested intentional action negating a negligence claim.  Plaintiff deviated further still from an NIED claim by later

deeming Count V a claim of negligence *per se*.  The court concluded that Count V failed to put

Walker and the District on notice of the claim(s) against them, a ruling Plaintiff deems

"baseless."  Mot. Recons. at 14.  Plaintiff argues that the allegations of Count V are sufficient as

drafted, and give Defendants adequate notice of his negligence *per se* claim.  *See id*. at 15-16.

In Count XIV, Plaintiff alleged that Walker, with others, "disclose[d] . . . protected health

information without Plaintiff's authority in violation of the 'Privacy Rule' as enacted under [the

Health Insurance Portability and Accountability Act ("HIPAA")], 42 U.S.C. [§ 1320d-6.]"  4th

Am. Compl. ¶ 123.  When the court granted Walker's motion to dismiss, Plaintiff argues, the

court failed to determine whether HIPAA "created rights that can be vindicated under 42 U.S.C.

§ 1983."  Mot. Recons. at 11.

Even if Plaintiff were correct, based on the allegations of the Fourth Amended

Complaint, Counts V and XIV could not proceed because they are time-barred.  A three-year

statute of limitations applies to constitutional and negligence claims.  *See Earle v. District of

Columbia*, 707 F.3d 299, 305 (D.C. Cir. 2012) (applying three-year residual statute of limitations

to § 1983 claim); *Bussineau v. President & Directors of Georgetown College*, 518 A.2d 423, 425

(D.C. 1986) ("Under District of Columbia law, an action for negligence must be brought within

three years after a cause of action accrues."); D.C. Code § 12-301(8).  Walker's actions are

alleged to have occurred as early as December 2010 but not later than January 13, 2011, the day

of Plaintiff's arrest, yet Plaintiff did not name Walker a party Defendant until he filed the First

Amended Complaint more than three years later.

**B. Plaintiff's Renewed Motion for Expedited Discovery**[6]

"[D]istrict courts have broad discretion over the structure, timing, and scope of

discovery." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1208 (D.C. Cir. 2020) (citation

omitted). Federal Rule of Civil Procedure 26 in relevant part provides:

> Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense and proportional to
> the needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the importance
> of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Plaintiff states that he "does not possess any identifiable information" other than the

names of William Peters and Isha Edwards to "aid in effecting service of process." Mot. for

Discovery at 3. Counsel represents that he consulted an investigator who "confirmed that it

would be impossible to identify and locate these persons with only [their] name[s]." *Id.* at 5.

Plaintiff proposes to serve subpoenas to determine whether Peters and Edwards still are District

employees and to obtain contact information (including past or current places of employment,

work and home addresses and telephone numbers) in the possession, custody or control of the

District's Department of Human Resources, Metropolitan Police Department, and DBH to aid in

effecting service of process. Plaintiff argues that his discovery requests, *see id.*, Ex. (ECF Nos.

142-3, 142-4, 142-5), are "'narrowly tailored' to address a legitimate concern with service of

process," *id.* at 4, and his inability to obtain information regarding Peters and Edwards on his

own is good cause to allow limited discovery, *see id.* at 4-5. Plaintiff contends that without

discovery, Peters and Edwards "would be permitted to evade service of process and a full

---

[6] The court denied Plaintiff's three earlier motions (ECF Nos. 72, 82, 111) for expedited
discovery.

adjudication of the claims made against them." *Id.* at 5.  And he further contends that discovery would benefit the District, arguing that "it would be . . . expedient . . . to contact [its] employees, whether past or present, and obtain their consent to accept service of process on their behalf." *Id.*

As the District notes, *see generally* District of Columbia's Opp. to Pl. Fourth Mot. for Expedited Discovery (ECF No. 115), and as the court concluded, the District is not a party to this litigation.  However, the court may allow a plaintiff to conduct third-party discovery for the purpose of revealing an unknown defendant's identity.  *See Strike 3 Holdings*, 964 F.3d at 1207 (noting that, "[i]n cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is [a court order under] Rule 26(d)(1)'") (alteration in original) (quoting *AF Holdings, LLC v. Doe*, 752 F.3d 990, 995 (D.C. Cir. 2014)); *Newdow v. Roberts*, 603 F.3d 1002, 1010 (D.C. Cir. 2010) (remarking that case may proceed "against 'John Doe' defendants . . . only in situations where the otherwise unavailable identity of the defendant will eventually be made known through discovery").  But here there are no "John Doe" defendants whom Plaintiff cannot identify without discovery.[7]  Plaintiff has a different problem: in order for the U.S. Marshals Service to effect service of process on his behalf, he must provide addresses where *known* Defendants can be served.  And Plaintiff proposes that the District solve the problem at its expense.

Even if Plaintiff were to obtain information about Peters and Edwards and even if they were served with process, the court reasonably can anticipate their motion to dismiss making the

---

[7]  Although Plaintiff suggests that limited discovery would "assist in identifying . . . Metropolitan Police Officers involved in [his] arrest and involuntary commitment," Mot. for Discovery at 4, the proposed interrogatories seek information about Peters and Edwards only, *see generally id.*, Ex.

same arguments Villaruz and Walker successfully asserted.  If, as alleged in the Fourth Amended Complaint, Peters and Edwards effected Plaintiff's unlawful arrest on January 13, 2011, Counts IV (Illegal Seizure and Detention under Fourth and Fifth Amendments) and VII (False Arrest) are time-barred.  Applying a three-year statute of limitations to the constitutional and tort claims, *see* D.C. Code § 12-301(8), the limitations period would have expired on or about January 13, 2014.  Not until Plaintiff's *pro se* proposed Second Amended Complaint, stamped "received" by the Clerk of Court on November 24, 2015 and docketed on May 18, 2017 (ECF No. 47), do Peters and Edwards appear in a complaint.  Lastly, addition of Peters and Edwards as Defendants after expiration of the statute of limitations is not a change of party or naming of a party and does not correct a mistake.  Nor can it be said that Peters and Edwards would have received notice of this lawsuit through Plaintiff's original Complaint, and at this late date, are prejudiced in their ability to defend themselves on the merits of Plaintiff's claims.  In these circumstances, relation back under Rule 15(c)(1)(C) would be improper.

Therefore, it is hereby

ORDERED that on Plaintiff Melvin Brown's Motion to Reconsider Order Dismissing Defendants Amelia Villaruz, David Walker, So Others Might Eat and the District of Columbia [141] is DENIED; and it is

FURTHER ORDERED that Plaintiff Melvin Brown's Renewed Motion for Expedited Discovery [142] is DENIED.

Date:  September 17, 2021          /s/
                                   TANYA S. CHUTKAN
                                   United States District Judge